# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN ZVAFLER, Trustee,<br><br>                              Plaintiff,<br>  vs.<br>MARK CASEY, an individual; DEBRA CASEY, an individual; DOES 1-10,<br><br>                              Defendants,<br>_____<br>MARK CASEY, an individual; DEBRA CASEY, an individual,<br><br>                              Cross-Claimants,<br>  vs.<br>BEN ZVAFLER, Trustee, et al.,<br><br>                              Cross-Defendants. | CASE NO. 10cv1147 WQH (BGS)<br><br>ORDER |

HAYES, Judge:

      The matters before the Court are Plaintiff Motion to Remand of Action to State Court (ECF No. 19) and GMAC Mortgage LLC's Motion to Dismiss (ECF No. 17).

## BACKGROUND

      On May 27, 2010, Defendants removed this case to this Court alleging the Court has original jurisdiction pursuant to 12 U.S.C. § 1819(b)(2)(A) because the Federal Deposit Insurance Corporation, acting as a receiver for New Century Financial Corporation, is an "indispensable and necessary party." (ECF No. 1 at 3).

| | |
|---|---|
| 1 | Plaintiff initially filed a Motion to Remand on June 11, 2010 (ECF No. 4) which was denied without prejudice on August 2, 2010, on the grounds that the action was subject to an automatic bankruptcy stay. (ECF No. 9). |

Plaintiff initially filed a Motion to Remand on June 11, 2010 (ECF No. 4) which was denied without prejudice on August 2, 2010, on the grounds that the action was subject to an automatic bankruptcy stay. (ECF No. 9).

On June 30, 2010, Defendants filed counterclaims and crossclaims against Timothy F. Geithner, Secretary of the United States Department of the Treasury; the United States Department of Treasury; and Federal Housing Finance Agency among others. (ECF No. 5).

On August 12, 2010, Plaintiff filed a second Motion to Remand (ECF No. 10) which was denied without prejudice on September 24, 2010, on the grounds that the action was subject to a second automatic bankruptcy stay. (ECF No. 14). This Court ordered the case administratively closed.

On November 22, 2010, this case was reopened. (ECF No. 18). On November 23, 2010, Plaintiff's Motion to Remand of Action to State Court was filed. (ECF No. 19). To date, Defendants have not filed an opposition.

**ALLEGATIONS OF THE COMPLAINT**

Defendants Mark Casey and Debra Casey are in possession of property located at 5390 Burford Street, San Diego, CA 92111. (ECF No. 1 at 9). On April 16, 2010, Ben Zvaifler, trustee, purchased the property in a trustee sale following foreclosure on the property pursuant to Cal. Civ. Code § 2924 et seq. *Id*. at 10. On April 23, 2010, Defendants were served with notice to deliver possession of the premises to Plaintiff within three days pursuant to Cal. Civ. P. Code § 1161 *et seq*., but Defendants continue to occupy the premises. *Id*. at 10-11. Plaintiff seeks restitution and possession of the property as well as damages from April 27, 2010, until Defendants are no longer in possession of the property. *Id*. at 12.

**DISCUSSION**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." 28 U.S.C. § 1441(a). A district court must remand a case to state court "if at any time before the final

judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).  The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper."  *Moore-Thomas v. Alaska Airlines, Inc*., 553 F.3d 1241, 1244 (9th Cir. 2009).

Absent diversity of citizenship, a federal court has subject matter jurisdiction "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted); *see also Beneficial National Bank v. Anderson*, 539 U.S. 1, 12 (2003) ("A federal question is presented when the complaint invokes federal law as the basis for relief.") (Scalia, J., dissenting) (citing *Caterpillar*, 482 U.S. at 392).  The well pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392.  "Removability cannot be created by defendant pleading a counter-claim presenting a federal question...." *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (quotation and citations omitted).

12 U.S.C. § 1819, which governs the federal court jurisdiction over the Federal Deposit Insurance Corporation, provides:

> (A) In general
> Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.
> ....
> (D) State actions ... any action – (i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
> (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
> (iii) in which only the interpretation of the law of such State is necessary, shall not be deemed to arise under the laws of the United States.

12 U.S.C. § 1819(b)(2)(A), (D).

The Federal Deposit Insurance Corporation's presence in a case as an alleged

'indispensable party' or as a result of counterclaim does not confer federal jurisdiction. *See Hill v. Kayatta,* Case No. CV 10-6063 PSG (AJWx), 2010 WL 3367462, at *1-2 (C.D. Cal. Aug. 25, 2010) (finding there was a lack of subject matter jurisdiction over the unlawful detainer action where the Federal Deposit Insurance Corporation was not a party, but defendant claimed it should be because it was an "'indispensable real party in interest.'"); *Hammer Real Estate LLC v. Hamlet Abrahamian*, Case No. CV 10-6435 GAF (PLAx), 2010 WL 4009299, at * 1 (C.D. Cal. Oct. 12, 2010) (same); *MAC 1 Investments, LLC v. Teresa Santamaria Boceta*, Case No. SACV 10-1285-JST (Ex), 2010 WL 4054467, at * 1-2 (C.D. Cal. Oct. 14, 2010) (finding there was a lack of subject matter jurisdiction over the unlawful detainer action although defendant asserted that Federal Deposit Insurance Corporation was an indispensable party defendant intended to file a cross-complaint asserting a federal question); *HSBC Bank USA v. Hooshiarnejad*, Case No. SACV 10-01105-CJC(SHx), 2010 WL 4703854, at *1 (C.D. Cal. Nov. 12, 2010) (same).

Plaintiffs' Complaint relies exclusively on state law and does not assert a federal question. *Caterpillar*, 482 U.S. at 392. Defendants' crossclaims cannot confer federal jurisdiction. *Takeda*, 765 F.2d at 822. Therefore, this Court does not have subject matter jurisdiction. Additionally, Civil Local Rule 7.1 provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." S.D. Cal. Civ. Local Rule 7.1(f)(3)(c). Defendants failed to file an opposition to the Motion to Remand, which is construed as consent to the Motion.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Remand (ECF No. 19) is **GRANTED**. The Motion to Dismiss (ECF No. 17) filed by GMAC Mortgage LLC is **DENIED** as moot.

DATED: December 16, 2010

**WILLIAM Q. HAYES**
United States District Judge